[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2006
THOMAS K. KAHN
CLERK

No. 05-16057
Non-Argument Calendar

_____

D. C. Docket No. 04-00003-CV-T-17-EAJ

ESTATE OF JOSEPHINE COSIO,
CARL W. COSIO, Personal Representative
for the Estate of Josephine A. Cosio,

Plaintiffs-Appellants,

versus

DENNIS (JUDGE) ALVAREZ,
LEROY MERKLE, JR., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 23, 2006)**

Before ANDERSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Carl Cosio ("Cosio") and the estate of his late mother, Josephine Cosio (the "estate"), appeal the district court's dismissal of their claims in an action arising out of the appointment of a civil guardian for Josephine Cosio while she was alive. In the district court, Cosio and the estate filed a 22-count complaint alleging claims under 42 U.S.C. §§ 1983 and 1985, as well as several state-law causes of action.

One defendant, Leroy Merkle, Jr., never appeared in court or responded to the complaint. Cosio and the estate moved the Clerk of the court to enter default against Merkle pursuant to Federal Rule of Civil Procedure 55(a). (R.2-85.) The Clerk did not, so Cosio and the estate filed a "Motion for an Order Mandating a Clerk Default" against Merkle.[1] (R.2-104.) Without ruling on this motion, the district court dismissed with prejudice the federal claims against all defendants, including Merkle, finding that neither Cosio nor the estate could prove a set of facts that would entitle them to relief under either statute. (R.2-106 at 3-4.) This appeal followed.

On appeal, Cosio and the estate contend that the district court erred in dismissing the estate's 42 U.S.C. § 1985 claims against Appellees Keithly[2] and Merkle (Count X), Cosio's § 1985 claim against Appellees Keithly and Merkle

[1]Cosio and the estate also filed for default against Defendant Barbara Boyd Keithly. (R.1-84.) However, Keithly responded to this motion, and no default issued. The Appellants did not include Keithly in their motion to the district court, so we have no ruling to review on this point with respect to Keithly.

[2]At the time of the Second Amended Complaint, Keithly's last name was Boyd.

(Count XI), and the estate's § 1985 claim against Appellees Keithly, Merkle, Tampa Health Center, and Williams.[3] We agree with the district court that neither Cosio nor the estate of Josephine Cosio state a legally cognizable claim under § 1985 against any of the Appellees.

The Appellants additionally contend that the district court erred by dismissing the case with prejudice and thereby not allowing the Appellants to amend their complaint a third time. We disagree. We review the decision whether to dismiss a complaint with or without prejudice for abuse of discretion. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Federal Rule of Civil Procedure 15(a) somewhat tempers this discretion by providing that leave to amend a legally insufficient complaint should be "freely given" when justice requires it. Nevertheless, in this case, the court in fact granted leave to amend the Appellants' first pro se complaint, requiring that the amended complaint be drafted by a licensed attorney. The result was the Second Amended Complaint that the court ultimately dismissed. The court correctly determined that this Second Amended Complaint failed to allege any viable

---

[3]The Second Amended Complaint also included, as part of Counts X and XI, claims against the Honorable Dennis F. Alvarez, and as part of Count XII, a claim against Dr. Rene A. Boothby, but the Appellants do not challenge on appeal the district court's dismissal of the claims against these defendants. Appellant's Br. at 15 n.3.

federal claim, and the court did not abuse its discretion in dismissing it with prejudice, rather than allowing the drafting of a third amended complaint.

Finally, the Appellants contend that the district court erred in (1) failing to compel the Clerk to enter default against one of the defendants when requested, and (2) dismissing the claims against a defendant who never moved for dismissal. As to the former contention, we find no abuse of discretion in the court's failure to enter, or to order the clerk to enter, a default judgment against Merkle, given the fact that the Second Amended Complaint contains no viable federal claim. Similarly, as to the latter contention, under the circumstances of this case the district court had the power to dismiss the claim on its own motion. *See Byrne v. Nezhat*, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001).

AFFIRMED.